Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida
### Miami Division



|  |  |
|---|---|
| Eric Satin | ) Case No. _____ |
| *Plaintiff(s)* | ) *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) |
| -v- | ) |
| Cindi Kamen, individually, | ) |
| The Law Office of Cindi Kamen, P.A. | ) |
| Dr. Gary Cohn, individually | ) |
| Gary Cohn Psyd | ) |
| *Defendant(s)* | ) |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) |

## COMPLAINT AND REQUEST FOR INJUNCTION

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Eric Satin |
   | Street Address | 1331 Brickell Bay Drive, Apt. 1502 |
   | City and County | Miami - Miami Dade County |
   | State and Zip Code | FL 33131 |
   | Telephone Number | 917 533 3910 |
   | E-mail Address | mr.ericsatin@gmail.com |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Cindi Kamen |
| Job or Title *(if known)* | Guardian Ad Litem- Court Appointed |
| Street Address | 10631 North Kendall Drive, Suite ~~200~~ 150 |
| City and County | Miami - Miami Dade County |
| State and Zip Code | FL 33176 |
| Telephone Number | 305 275 5299 |
| E-mail Address *(if known)* | cindi@cindikamenlaw.com & assistant@cindikamenlaw.com |

Defendant No. 2

| | |
|---|---|
| Name | Law Office of Cindi Kamen, P.A. |
| Job or Title *(if known)* | c/o Owner - Attorney |
| Street Address | 10631 North Kendall Drive, Suite ~~205~~ 150 |
| City and County | Miami - Miami Dade County |
| State and Zip Code | FL 33176 |
| Telephone Number | 305 275 5299 |
| E-mail Address *(if known)* | cindi@cindikamenlaw.com & assistant@cindikamenlaw.com |

Defendant No. 3

| | |
|---|---|
| Name | Dr. Gary Cohn |
| Job or Title *(if known)* | Psychologist |
| Street Address | 7800 SW 57th Ave, Ste 210 |
| City and County | South Miami - Miami Dade County |
| State and Zip Code | FL 33143 |
| Telephone Number | 786-200-4915 |
| E-mail Address *(if known)* | DRCOHN@COHNPSYCH.COM |

Defendant No. 4

| | |
|---|---|
| Name | Gary Cohn Psyd |
| Job or Title *(if known)* | c/o Owner -Psychologist |
| Street Address | 7800 SW 57th Ave, Ste 210 |
| City and County | South Miami - Miami Dade County |
| State and Zip Code | FL 33143 |
| Telephone Number | 786-200-4915 |

E-mail Address *(if known)*  DRCOHN@COHNPSYCH.COM

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question  ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Americans with Disabilities Act (ADA) Title III - Public Accomodations

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Miami-Dade County

B. What date and approximate time did the events giving rise to your claim(s) occur?

In connection with my dissolution of marriage proceeding and the related child custody issues, the various defendants have discriminated, colluded and retaliated against me beginning approximately August 17, 2020 and continuing through the present date.

Significant Dates/Times in which Discrimination, Retaliation and Appearance of Collusion between defendants Cindi Kamen (Law Offices of Cindi Kamen, PA) and Dr. Gary Cohn (Gary Cohn Psyd.)

October 11, 2020
October 12, 2020
October 13, 2020 - 4:00pm
October 14, 2020
October 18, 2020
October 19, 2020 - 12:00pm
October 26, 2020
October 27, 2020
October 28, 2020
November 6, 2020
November 23, 2020
November 26, 2020
November 27, 2020
November 28, 2020

Significant Dates/Times of Discrimination and Retaliation by Cindi Kamen and the Law Office of Cindi Kamen PA:

August 17, 2020 - various
August 23, 2020 - various
September 2, 2020 - 5:19pm
September 10, 2020 - 7:19pm
Septemnber 26, 2020 - 10:00am
September 27, 2020 - 4:49pm
October 10, 2020 - 10:00am
October 11, 2020 - 8:30am
October 12, 2020 - 6:00pm
October 13, 2020 - 4:00pm through 1:30am
October 14, 2020 - 1:30am
October 19, 2020 - 12:00pm
October 21, 2020
October 28, 2020
November 3, 2020 - 9:00am
November 6, 2020 - 5:11pm
November 7, 2020
November 14, 2020 - 10:49am
November 19, 2020 - 6:01pm
November 23, 2020 - 5:19pm
November 23, 2020 - 10:41pm
November 24, 2020 - 1:30pm
November 28, 2020 - 7:54pm
November 30, 2020 - various times
December 1, 2020 - 1:30am
December 3, 2020 - 9:00am
December 7, 2020 - 8:30am

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

next page

I have a qualified disability, based on multiple mental health diagnoses under DSM5 criteria, including Attention Deficit Disorder, Dysthymic Disorder and Anxiety Disorder NOS. My disability does substantially limit one or more areas for my life, including, but not limited to, learning, concentrating and interacting with others. I am compliant with my treatment, have never been hospitalized as a result of my diagnoses and I am an excellent father. During my divorce in 2020, each of the thirteen reports issued for my supervised vistitations with my 5 year old daughter clearly demonstrates that I am an exemplary, caring, affectionate and responsible father.

The following are Public Accomodations under Title III of the American with Disabilities Act ("ADA"):
1. The Law Offices of Cindi Kamen PA (Cindi Kamen)-court appointed guardian-ad-litem for my 5 year old daughter and 2 year old son
2. Gary Cohn Psyd (Dr. Gary Cohn) - the treating child psychologist for my 5 year old daughter

I was discriminated against by the Defendants, Cindi Kamen of the Law Offices of Cindi Kamen PA, and Dr. Gary Cohn of Gary Cohn Psyd. due to my disability and/or perceivied disability under Title III of the ADA.

The Law Offices of Cindi Kamen PA (Cindi Kamen, Esq) and Gary Cohn Psyd (Dr. Gary Cohn) denied me fair consideration and equal enjoyment of their services in representing the interests of my five year old daughter. I reported to both the guardian, Cindi Kamen, and my daughter's child psychologist, Dr. Cohn, that my daughter informed me that her maternal grandmother, Beth Fischman, coached her to repeat false rumors of sexual abuse involving me (presumably to get an upperhand in the divorce litigation). On October 13, 2020, at approximately 3:00pm, my daughter informed Dr. Cohn that her grandmother was trying to set me up. Upon hearing of the allegations, Cindi Kamen spoke with Dr. Cohn, and 2 hours later both of them blamed me for coaching my daughter to say that her grandmother coached her. Less than 9 hours after my daughter relayed the message to Dr. Cohn, at 1:30am on October 14, 2020, Cindi Kamen, as the guardian, filed a motion to suspend my custody with my children pending psychological evaluations on the basis that, although sexual abuse was ruled out, I coached my daughter to make up false abuse rumors fabricated by the grandmother. The basis for falsely accusations was rooted in discimination, particularly as to my mental health. In Cindi Kamen's motion, she states that her AND Dr. Cohn both believe that I was guilty of "coaching." The guardian states that that her and Dr. Cohn both believe I am having a mental health crisis and the children are not safe with me. Some of the comments made in the motion were pointed directly at the issues related to my disability: I was texting Dr. Cohn "non-stop," I am "decompensating," they had "grave concern for mental health and until there is a psychologically evaluation, he should have supervised visits" and that I must be "having a mental health crisis." On October 19, 2020, the court heard the motion and Dr. Cohn and Cindi Kamen were aligned in the actual court hearing, working to convince the Court to deny me access to my daughter on the basis that my mental health disability needs to be sorted out to make sure I am safe to care for the children. There was not one credible source of evidence presented that I coached my daughter or that I was having mental health issues preventing me from adequately parenting my children nor any evidence that my children were adversely harmed by me. On November 24, 2020 at around noon, I sent text messages to Dr. Cohn expressing my disapproval for his involvement with the Guardian to improperly blame me for the incident and to deny me access to my daughter on the basis of his inappropriate comments as to my mental health. Approximately 9 hours later, Dr. Cohn retaliated and called the police to say that I threatened him to put a further strain on my custody claims. Since then, I have found out that Dr. Cohn first spoke with the Guardian and then called the police after conferring with the Guardian, which is a clear act of retaliation in reponse to my complaint about their prior inappropriate discriminatory actions. Dr. Cohn admittedly did not perceive the text messages as threatening as the police incident report specifically states that no threats were made. This was an obvious attempt by Dr. Cohn and the Guardian to further retaliate and discriminate against me based on my mental health disability in order to harm my child custody claims. In this regard, the Guardian and Dr. Cohn then informed my Wife of the texts who filed a motion with the court to restrict my timesharing rights with my son. As a result of their discriminatory actions, my

children have been adversly affected.

Cindi Kamen then attempted use another third party to further her discriminatory actions. Ms. Kamen used her false allegations to discriminate as to my mental health and convinced the court to order a psychological evaluation to be done by Alliance for Psychological Services. While I have had an intake appointment, I have yet to complete the written exams as I do not believe I would be affored an equal opportunity and fair consideration to a court ordered psychological examination in connection with my divorce proceeding. Cindi Kamen prepared a written court order that deviated significantly from the court's oral pronouncement (with respect to my pending divorce proceeding). Cindi Kamen influenced the Judge to adopt her written order (over my objectings that it inaccurately reflected the oral ruling, knowing that it was discriminatory). The written order makes blatant discriminatory statements directed at my disability. For example, "the evaluator shall address in his evaluation whether the Former Husband has any personality disorder or other mental health disorder that impacts his ability to parent and exercise timesharing with the children," "concerns that the Father's mental health and behavior of coaching the daughter to make the allegations detrimentally impact the child's emotional wellbeing," and "the Court must determine whether the Father has the mental ability to safely parent the children so as to not cause the children emotional harm in the course of his actions in this case… the Father's mental condition cannot be adequately determined without the assistance of expert medical testimony." As a result of the Guardian's previous discrimination, my supervised timesharing was already temporarily restricted. Now the Guardian itends to use the written order (which inaccurately reflects the Court's oral ruling) to futher restrict my child custody rights by again aligning with the psychological evaluator to further discriminate against my by issuing a report incorrectly stating that my mental health disability precludes me from receiving an equal opportunity and fair consideration at adequetly parenting my children. I emailed Dr. Arbaje of Alliance to advise him that I do not feel comfortable with him or his company doing my evaluation as a result of their relationship and constant communication with Cindi Kamen. Ms. Kamen then retaliated against me by bringing it to the court's attention that I refused to submit to my evaluation. Ms. Kamen failed, however, to menjtioned that I had a legitimate concerns of discrimination.

On at least 6 different occasions, I was denied access and equal opporunity to the guardian ad litem services of Ms. Kamen (via the Law Offices of Cindi Kamen PA). In this regard, Cindi Kamen never returned a number of my emails, text messages and phone calls, and she failed to investigate situations I brought to her attention and as a result there were negative consequences for my children and me. It should be noted that a guardian's main duty is to investigate matters related to the best interests of the children. My communications and requests to Cindi Kamen were in writing, were never baseless and were accompanied by evidence (and/or a clear pattern of repeated behaviors by my Wife and her family). I can't think of one instance where Cindi Kamen provided me with equal services or accommodations as she provided to my future ex-wife. Numerous requests, calls and emails have gone unanswered, and yet Ms. Kamen responds to and support each of the requests/concerns made by my ex. It is clear that her basis for denying me access to her services is her discrimination against me due to my mental health disability, which is reflected in the endless comments as to my stability, that I am decompensating and that I should not be left alone with the children until a psychological evaluation is done to see if I have any underlying condition preventing me from adequately parenting. On November 23, 2020, I emailed Cindi Kamen to issue a formal complaint, referencing her improper discrimination due my disability. Attached to my email was a copy of the relevant ADA laws. I requested that Ms. Kamen withdraw as guardian due to her repeated discrimination and retaliation against me on the basis of my menatal health disability. Immediately after sending the email, Ms. Kamen responded in an attempt to intimidate me and since then she has continued to retaliate against me (on approximately four separate occasions). In anticipation of an ADA complaint, the guardian immediately set a court hearing during which she attempted to make record before the court of a false narrative that I was threatening her in the family court proceeding. The guardian's discriminatory actions has caused me to incur more legal/guardian fees, and to be further denied my access to my children, resulting in significant mental anguish and harm to my children and me. Ms. Kamen chose to ignore the significant evidence establishing that I am responsible and loving father (including family and treating mental

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

health professionals). Instead, Ms. Kamen relies on a stigma as to my mental health to strip my rights as a parent. My divorce attorneys witnessed most of these acts.

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

The Defendants continue to discriminate and/or retaliate aggresively against me to influence the court to deny my access to my children. The consequences of the improper estrangement of my children and I are severe and our well-being has suffered greatly, resulting in immeasureable psychological damages and other damages that are not quantifiable.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I seek relief from discrimination and retaliation. The relief requested is in the form of a Petition for Immediate Injunction against against Cindi Kamen, The Law Office of Cindi Kamen, P.A., Dr. Gary Cohn and Gary Cohn Psyd. (the "Defendants") to preclude them from having any further involvement in my pending dissolution of marriage proceeding and to prevent them from representing, communicating or meeting with any third parties involved in my dissolution of marriage proceeding, my children and/or me.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/08/2020

Signature of Plaintiff

Printed Name of Plaintiff: Eric Satin

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address